**RANCHOR HARRIS LAW, PLLC**
S. RANCHOR HARRIS, ESQ. (N.C. BAR NO. 21022)
ranchor@ranchorharris.com
1784 Heritage Center Drive, Suite 204-E
Wake Forest, NC 27587
Telephone:   919-249-5006
Facsimile:   919-589-4845

**ROSEN ✦ SABA, LLP**

RYAN D. SABA, ESQ. (CA State Bar No. 192370)
rsaba@rosensaba.com
MICHAEL FORMAN, ESQ. (State Bar No. 260224)
mforman@rosensaba.com
NEDA FARAH, ESQ. (State Bar No. 269819)
nfarah@rosensaba.com
2301 Rosecrans Avenue, Suite 3180
El Segundo, CA 90245
Telephone:   (310) 285-1727
Facsimile:   (310) 285-1728

Attorneys for Plaintiff,
BRIAN McKNIGHT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN McKNIGHT, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>JACQUELYN WRIGHT, an individual; and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No.: 2:25-cv-03813-MCS-JPR<br><br>**PLAINTIFF'S AMENDED RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE DISMISSAL** |

1

**TO THIS HONORABLE COURT:**

**This document shall supersede the prior document filed [ECF 21] and only corrects some typographical errors. The substance of the two documents are the same.**

Plaintiff Brian McKnight respectfully submits this Response to the Court's September 24, 2025 Order to Show Cause re: Dismissal for failure to effectuate service upon Defendant Jacquelyn Wright.[1]

Service has been effectuated on September 30, 2025, pursuant to California Code of Civil Procedure §415.40 ("A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."). This is permissible service pursuant to F.R.C.P., Rule 4(e)(1) (an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

As the Court is aware, Plaintiff has made numerous attempts to serve Defendant in various states and on various dates, but the attempts were futile, and on September 21, 2025, Plaintiff filed a Motion for Extension of Time to serve Defendant.[2]

---

[1] In light of the Court's observation that arguments in Plaintiff's Response may overlap with those presented in Plaintiff's Motion for Extension of Time, and so as not to waste the Court's time by restating facts already before the Court, Plaintiff submits this Response solely to provide the Court with information relating to events occurring after the filing of the Motion for Extension of Time.

[2] In its September 24, 2025 Minute Order, the Court stated that Plaintiff's motion was filed one day after the extended deadline. For purposes of informing the Court of Plaintiff's compliance with its Orders, Plaintiff respectfully notes that the Court's August 21, 2025 Minute Order set a 30-day period for service, which extended through Monday, September 22, 2025. Because the 30th day fell on a Saturday, Plaintiff's Motion, filed on Sunday, September 21, 2025, is in compliance with the Court's Order and request. See, F.R.C.P. 6(a)(1)(C). Plaintiff respectfully offers the following clarification solely to assist the Court in evaluating compliance.

PLAINTIFF'S AMENDED RESPONSE TO ORDER TO SHOW CAUSE

#2050503v1

The Motion for Extension of Time included a detailed discussion of all attempts made by Plaintiff up to and until September 18, 2025. Plaintiff's counsel yet again conducted a detailed search for Defendant's residence address by utilizing a national database and determined that Defendant resides at 821 S Polk St. Apt. 2318, Desoto, TX 75115-7651. Furthermore, Plaintiff has confirmed the location of Defendant's employment as well in Dallas, Texas. Plaintiff's counsel confirmed the foregoing addresses through social media posts that also state Defendant indeed resides in Texas.

As such, Plaintiff advised Apex Process Serving to serve Defendant at the foregoing addresses (residential and business). Upon arrival, the process server also confirmed through a neighbor that Defendant resides at the foregoing address. Therefore, Plaintiff made numerous attempts to effectuate service upon Defendant at her resident address located at 821 S Polk St. Apt. 2318, Desoto, TX 75115-765 including multiple hour stakeouts to personally serve the documents. It is apparent that Defendant is evading service. Nevertheless, the attempts that have been made to serve Defendant at her home since September 18, 2025 are as follows:

1. **September 23, 2025 at 8:00 p.m.** – No answer at door.
2. **September 25, 2025 at 6:30 a.m. to 10:30 a.m. (stakeout)** - Server arrived at 6:30 a.m. and did a stake out. No noticeable change until 9:00 a.m. when the garage door opened and an SUV with license plates RTD5717 drove off. The server stated it was a black female driving, and very sure it was her because she left in a hurry. Server waited until around 10:30 a.m. to see if she came back but she didn't return.
3. **September 26, 2025 at 6:00 p.m. to 9:00 p.m. (stakeout)** - No activity. No lights on. No one came in or out.
4. **September 27, 2025 at 7:00 a.m. to 10:00 a.m. (stakeout)** - Observed black male with shorts and dreadlock hair come out of the garage. As he walked out an older black female pulled up and parked in the garage. About 5 mins later a different woman came out of the front door with 3 kids.



3

PLAINTIFF'S AMENDED RESPONSE TO ORDER TO SHOW CAUSE

#2050503v1

5. **September 27, 2025 at 6:30 p.m. to 9:00 p.m. (stakeout)** - Neighbor walking her dog, she stated Defendant lives there. From about 7:00 p.m. to 9:00 p.m., the process server observed about 7-8 people hanging around and walking in and out of the home. There were different groups of people like if the home was being used as an AIRBNB for the weekend, or a family gathering.

6. **September 28, 2025 at 2:00 p.m. to 4:00 p.m. (stakeout)** - No activity. No movement.

7. **September 29, 2025 at 9:00 a.m.** – Server made contact with people inside the home who said they recently moved into the home but Defendant was not present. They also provided a business address for Defendant.

Service attempts at Defendant's business address located at 1409 Botham Jean Blvd., Suite 302 in Dallas, Texas:

1. **October 1, 2025 at 1:30 p.m**.– No answer/business closed

2. **October 1, 2025 at 3:00 p.m.** – No answer/business closed. Business looks like they film/produce productions at night.

## II.   SERVICE HAS BEEN EFFECTUATED

Once Plaintiff's counsel confirmed that Defendant resides at 821 S Polk St. Apt. 2318, Desoto, TX, on September 30, 2025, Plaintiff's counsel delivered the summons, complaint and all necessary documents to Defendant via Certified Mail pursuant to California *Code of Civil Procedure* §415.40 ("A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."). This is permissible service pursuant to F.R.C.P., Rule 4(e)(1) (an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").



Accordingly, service has been effectuated and will be deemed complete by October 10, 2025.

### III. **SUBSTITUTE SERVICE WILL ALSO BE EFFECTUATED AS A BACKUP**

Out of an abundance of caution, Plaintiff's counsel is still intending on substitute serving Defendant at her home and/or business on October 2, 2025 (or as soon as possible). This is permissible service pursuant to F.R.C.P. Rule 4(e)(2)(B) (an individual may be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.")

### IV. **CONCLUSION**

Since service has been effectuated, Plaintiff requests this OSC be discharged.

Date: October 2, 2025                          **ROSEN SABA, LLP**

/s/ Ryan Saba_____
Ryan Saba

